# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# (ATLANTA DIVISION)

| | |
|---|---|
| ETHAN GEORGE HANSON,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No.: 1:23-cv-04564-MHC-CMS<br><br>**PLAINTIFF'S MOTION TO EXCLUDE THE DECLARATION OF DAN SMITH** |

Plaintiff Ethan George Hanson ("Plaintiff") respectfully submits this Motion to Exclude the Declaration of Dan Smith [Dkt. No. 9-1, the "Smith Decl." or "Smith Declaration"], which was submitted by Defendant Experian Information Solutions, Inc. ("Experian") in support of its Motion to Compel Arbitration [Dkt. No. 9, the "Motion"].

//

i

## I.     INTRODUCTION

Experian's Motion relies solely and completely on the Smith Declaration, which is fundamentally flawed because the declarant, Dan Smith ("Smith"), lacks personal knowledge of the purported facts he declares. Smith provided no foundation for key "facts" laid bare in the Smith Declaration. Instead, he references unnamed documents as supporting these "facts," but provides no details to explain how hearsay documents themselves become admissible after his review of them. An affidavit may not rely on facts not within the affiant's personal knowledge. Because the Smith Declaration consists of inadmissible hearsay regurgitated by a witness lacking personal knowledge, this Court should exclude the Smith Declaration from its consideration in ruling on Experian's Motion.

## II.     ARGUMENT
### A. Smith's Declaration Fails to Meet Minimum Evidentiary Standards for Admissibility and Cannot Be Used to Support Experian's Motion.

Experian insists, without any documentary evidence in support, that Plaintiff agreed to arbitrate his claims with Experian. To bolster this allegation, Experian offers only a declaration signed by Smith. This "evidence" is entirely insufficient in this district.

The FAA provides that a court may compel arbitration only "upon being satisfied that the making of the agreement or the failure to comply therewith is not at issue." 9 U.S.C. § 4. Any evidentiary burden on the party opposing arbitration "only arises, however, after the proponent produces **credible, admissible evidence**

1

**which satisfies the Court that there was an arbitration agreement**." *Dillon v. BMO Harris Bank, N.A.*, 173 F. Supp. 3d 258, 264 (M.D.N.C. 2016) (citing 9 U.S.C. §4) (emphasis added). The **sole** piece of evidence proffered by Experian to satisfy its burden of proving formation of an agreement to arbitrate is that of a declaration signed by Smith, an employee of "Experian Consumer Services" ("ECS"), a sister-company to Experian. *See* Smith Decl., at ¶ 1.

Rule 43 allows courts to consider affidavits when deciding motions that rely on facts not present within the record. Fed. R. Civ. P. 43(c). However, the admissibility of an affidavit demands adherence to stringent criteria. An affidavit must present specific facts based on personal knowledge: "Obviously, an affidavit which merely states that the affiant was 'apprised of certain information' should be given little, if any, weight." *Oce' v. Coleman*, 487 F. Supp. 548, 550 n.1. (N.D. Ill. 1980) (citing *Transo Envelope Co. v. Murray Envelope Co.*, 227 F. Supp. 240, 242 (D.N.J. 1964)). An affidavit further may not rely on any facts which are not within the personal knowledge of the affiant. *See Jackson v. Foodland Super Mkt., Ltd.*, 958 F. Supp. 2d 1133, 1140 (D. Haw. 2013) ("A district court will not consider an affidavit that is not based on personal knowledge.").

Indeed, it is not enough that an affiant asserts that he or she has personal knowledge of the facts recited. The affidavit itself must "show affirmatively how the affiant obtained personal knowledge of those facts." *Williams v. SDI of Jackson,*

2

*LLC*, No. 15-203-CG-N, 2016 U.S. Dist. LEXIS 139762, at *13 (S.D. Ala. Oct. 7, 2016) (citing *Ward v. First Federal Savings Bank*, 173 F.3d 611, 617-18 (7th Cir. 1999)).

"Furthermore, if the credibility of the affiant is at issue, the court may disregard the affidavit unless the affiant has been produced to give oral testimony and submit to cross-examination." *Iannella v. Sullivan*, CIV. A. 93-CV-0620, 1995 WL 273608 (E.D. Pa. May 5, 1995) (citing *United Commercial Ins. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992).

Rule 43 does not explicitly detail the requirements for an affidavit or declaration to be considered in connection with a motion. However, within the Eleventh Circuit, motions to compel arbitration are analyzed under the summary judgment standard. *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016). Consequently, Rule 56's treatment of declarations applies neatly. Rule 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Federal Rule of Evidence 602 provides additional reinforcement for this requirement ("a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge in the matter"), and Federal Rule of Evidence 1101 asserts that

3

the Federal Rules of Evidence apply to all proceedings in federal court. Thus, Rule 43 affidavits like Smith's must be based on personal knowledge, detail facts admissible in evidence, and establish the affiant's competency. *See* Fed. R. Civ. P. 56(c)(4).

Smith is purportedly the "Director of Product Operations for […] Experian Consumer Services…" ("Smith Decl. ¶ 1). Smith's position does not and cannot validate what appeared on Plaintiff's unknown electronic device on February 10, 2020, when Plaintiff allegedly signed up for a CreditWorks account. Smith claims, "the facts stated in [his] Declaration are of [his] own personal knowledge," but concedes that all of his "personal knowledge" comes from his review of unidentified "pertinent documents" and "Experian's internal records." *Id*., at ¶ 1. Smith's declaration is deliberately vague, avoiding any specificity as to identification of any documents. Based on his review of these unknown and unnamed documents, Smith declares that: 1) Plaintiff enrolled in CreditWorks; 2) Plaintiff completed a "webform" which collected Plaintiff's personal information; and 3) Plaintiff accepted and agreed to Experian's Terms of Use Agreement by clicking a button labelled "Create Your Account" at the bottom of that "webform." *Id*., at ¶ 3.

The deficiencies in Smith's declaration are glaring. He does not provide, or even so much as reference, any documents which substantiate his assertions about Plaintiff's interactions on any website, the nature of the allegedly accessed

webforms, or the contents of any hyperlinks allegedly clicked by Plaintiff on February 10, 2020. *Id*., at ¶¶ 3-4. His assertions about his "personal knowledge" and what Plaintiff "would have had to" do four years ago are utterly speculative statements and wholly unsupported by any tangible evidence.

If Smith stood before this Court and attempted to provide the testimony from his declaration at trial, truly little of his statements would be admissible under Federal Rule of Evidence 602, as they do not constitute evidence "sufficient to support a finding that [Smith] has personal knowledge" concerning what **Plaintiff** accessed, saw, or clicked on February 10, 2020. *See* Fed. R. Evid. 602. Smith never establishes that he has ever viewed any consumer visiting the unknown website at any point, much less four years ago on February 10, 2020. Smith never states that he witnessed the operation of the unknown website at any time, or even reviewed a specific document setting forth the operation of this website.

Smith's assertion of "personal knowledge," as he outlines within his declaration, is based on the ambiguous claim that such knowledge was acquired by Smith "in the course and scope of [his] job responsibilities and through the review of […] documents." Smith Decl., at ¶ 1. His declaration characterizes his responsibilities as "supporting the consumer enrollment process into CreditWorks and related services." *Id.* Such responsibilities apparently require that Smith be "familiar" with "Experian's databases that store enrollment information, such as the

5

webpages a consumer would have encountered to complete their enrollment into CreditWorks, the personally identifiable information entered when enrolling, which links or buttons the consumer clicked on, and date and time of the consumer's acceptance of the Terms of Use." *Id*.

It is unclear and unestablished how Smith obtained or even could obtain **personal** knowledge of what webpages a consumer would have encountered absent from being present with the consumer at that moment – a claim not asserted by Smith. Instead, all of Smith's statements concerning his "familiarity" with the Experian websites boil down to Smith's speculations about what Plaintiff must have done. While any person visiting a particular website may claim some degree of familiarity with the website, this general awareness does not constitute a reliable foundation for asserting detailed knowledge about a particular consumer's interactions with that website on a particular date. Smith's description and position do not inherently bestow upon him the capacity to know or recall the precise content, appearance, and functionality of a website as it would have allegedly appeared on a personal device belonging to Plaintiff four years ago, nor Plaintiff's alleged engagement with such a website. The crux of this issue lies in the fundamental legal principle that a witness's professed knowledge **must** be derived from direct experience or observation. Smith's declaration violates the fundamental legal requirement that "an affiant must testify about what he observed himself and **not**

6

**speculate about what he thinks happened**." *AmTRAN Tech. Co. v. Funai Elec. Co.*, No. 08-cv-740-bbc, 2009 U.S. Dist. LEXIS 35330, at *8 (W.D. Wis. Apr. 27, 2009) (emphasis added).

Stated bluntly, Smith could not **possibly** possess "personal knowledge" sufficient to make the statements contained in his declaration. Smith does not know Plaintiff. Smith has never met Plaintiff. Smith was not present when Plaintiff allegedly agreed to the terms and conditions with which Experian seeks to bind Plaintiff. Smith is nothing more than a glorified custodian of records which Experian has thus far refused to produce. Thus, Smith has no personal knowledge of whether Plaintiff ever agreed to the arbitration agreement at issue and his conclusory statements of the same clearly lack foundation.

Experian's tactic of choosing an employee at random to swear to facts outside their personal knowledge in support of a motion to compel arbitration is not new, and consistent with its generalized disregard for rules. Indeed, Smith's declaration is practically identical to countless other declarations filed in support of practically identical motions throughout the country. Recently, and in the first judicial opinion to contain a substantive, reasoned analysis on this issue, a federal judge called Experian out on this very practice.

> Experian's [motion to compel arbitration] must be denied because it lacks sufficient evidence to provide that [the plaintiff] agreed to the arbitration agreement on which Experian relies. Experian's position is quite strange on

7

> the simple issue to be resolved. Austin says, under oath, that he did not agree to arbitrate. To prove otherwise, Experian relies on an explanation purporting to show how it was that a person (such as [the plaintiff]) trying to acquire the free credit report (promised on the website of Experian's related company) can use a website and, in so doing, can unknowingly agree to forego his right to proceed in court against Experian by agreeing to arbitrate with a third party that was not even identified as Experian. Experian chose to undertake that burden by relying on [an affidavit]. Having done so, Experian knew that the [affidavit] had to be based on personal knowledge. Fed. R. Civ. P. 56(a); 56(c)(4). **But that requirement was not met.**

*Austin v. Equifax Info. Servs., LLC*, Civil Action No. 3:22cv707, 2023 U.S. Dist. LEXIS 223258, at *20 (E.D. Va. Dec. 13, 2023) (emphasis added). In *Austin*, the court excluded the declaration of a different Experian employee, David Williams ("Williams"), which declaration was substantively **identical** to the declaration now provided by Smith. The *Austin* court did so in relevant part because "Williams **failed to identify the documents on which he based his asserted personal knowledge.** He did not identify them in the Williams Affidavit itself, **nor did the defense provide them** or even identify their existence **when requested** to in discovery." *Id.*, at *12 (emphasis added).[1] The same facts exist here, where the undersigned has

---

[1] The Court continued: "In fact, when probed further on this issue, the defense's interrogatory responses cut against Williams' personal knowledge of the arbitration process, in general and as applied to [the plaintiff]." Interestingly, Smith was the employee who verified Experian's interrogatory answers in *Austin*. Smith was apparently promoted to the position of professional declarant after Senior Judge Payne so thoroughly excoriated the last such employee's declaration. Unfortunately, however, Experian has neglected to correct the underlying issue – the explicit reliance upon undisclosed documents – before Smith affixed his signature to the declaration.

8

repeatedly requested that Experian provide the documents explicitly relied upon by Smith in obtaining his "personal knowledge" of what allegedly occurred on an unidentified website four years ago. This search for documentary evidence supportive of Experian's position has thus far been fruitless and deliberately thwarted by Experian and its conduct.

Tellingly, when Experian was **twice** given the chance in *Austin* to supplement its production with **any** of the documents relied upon by the declarant, it refused to do so, instead filing an identical motion and asking the judge to deny the same so that the exclusion of the declaration from Williams could be immediately appealed. *Id*., at *14. Understandably, Senior Judge Payne found "Experian's position […] quite strange on the simple issue to be resolved." *Id.*, at *19. Indeed, it is nothing short of baffling that Experian withholds these mysterious documents upon which it apparently relies, and simply refuses to produce them to anybody.

As here, in *Austin*, the parties disagreed on the formation of an arbitration contract. As here, Experian had the burden of proving such formation and made a litigation decision to rely solely upon an inadmissible declaration that explicitly incorporated documents which were "not identified so that the Court could test the merits of the asserted personal knowledge claimed to be based on them." *Id.* When the *Austin* court found that such evidence was insufficient and that "Experian did not meet [its] burden initially" Experian "turned down two invitations to do so after

being told that it had failed on the first go round[.]" *Id.*, at *21. Commenting on Experian's bizarre conduct, the court noted, "Experian has a history of difficulty in complying with the FCRA [and] it is passing strange that Experian would forego two opportunities to demonstrate that its system is transparent, rather than, as [the plaintiff] claims, very deceptive." *Id.*, at *21 n.5.

Why then, when Experian is **repeatedly** asked to produce evidence that it claims not only exists but is also within the possession of Experian, does Experian **repeatedly** refuse to produce such documentation or even provide a justification for its refusal? Occam's razor would answer with the simplest conclusion: such documents do not exist. Instead, Experian has been seeking to compel arbitration *en masse* in federal consumer cases with a copy and pasted declaration void of any actual, evidentiary proof that those consumers manifested any assent to waive their federal rights.[2]

---

[2] In other cases where Experian has filed the same copy/pasted motion, Experian generally responds to the consumer's arguments concerning document production with the following reply: "As was 'repeatedly' explained to Plaintiff's counsel in this case and others, Experian does not have a 'signed' contract to provide them because the agreement was entered into online, with the plaintiff's acceptance signified by a click on the enrollment page." This is an absurd argument. At no point has Plaintiff's counsel stated that the only acceptable evidentiary documents are documents containing a "wet," or ink, signature. However, while Experian may not have a document containing Plaintiff's "wet" signature, Experian undeniably has documents which evidence the information it contends exists. Courts across the judiciary have recognized that electronic contracts may not contain a "wet" signature, but contain other information, like IP addresses, date and time stamps, and

Regardless, the statements in the declaration from Smith are inadmissible for want of Smith's personal knowledge, and therefore cannot support Experian's assertion of valid formation of an agreement to arbitrate. Smith's declaration amounts to nothing more than a statement from Experian to this Court that: "trust us, our business records establish an agreement to arbitrate even though we cannot or will not find and show you those records." This is insufficient evidence upon which to find that Experian has carried its burden of proving contract formation so convincingly that "there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Bazemore*, 827 F.3d at 1333 (internal quotation marks omitted). The spirit of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and caselaw relating to this issue, demand that affidavits and declarations be made on personal knowledge, regardless of the stage of litigation in which they are presented and evaluated. Those that are not based upon personal knowledge – like the declaration from Smith – are inadmissible and should be excluded from consideration by the Court.

---

metadata which demonstrates the existence of the "click on the enrollment page" that Experian contends occurred. The declaration provided by Experian clearly states the exact date on which Plaintiff allegedly signed the contract in question. Experian could readily produce a printout, or even a screen capture, of whatever business records it reviewed in order to identify this date. Experian has deliberately refrained from doing so and attempts to explain away its choice to refrain from doing so by mischaracterizing the documents being sought by Plaintiff.

11

### III.   <u>CONCLUSION</u>

For the reasons stated above, Plaintiff respectfully requests that this Court exclude the Smith Declaration and grant Plaintiff any further relief as this Court deems just and proper.

Dated: January 8, 2024           */s/Jenna Dakroub*
                                 Jenna Dakroub, GA #385021
                                 **CONSUMER ATTORNEYS**
                                 260 Peachtree Street NW, Suite 2200
                                 Atlanta, GA 30303
                                 T: (602) 807-1525
                                 F: (718) 715-1750
                                 E: jdakroub@consumerattorneys.com

                                 **CONSUMER ATTORNEYS**
                                 8245 N. 85th Way
                                 Scottsdale, AZ 85258

                                 *Attorneys for Plaintiff,*
                                 *Ethan George Hanson*

## **LR 7.1(D) CERTIFICATION**

Pursuant to LR 7.1(D), the undersigned hereby certifies that the foregoing brief has been prepared with font and point selection approved by the Court in LR 5.1(B).

Dated: January 8, 2024                    By: *s/Jenna Dakroub*
                                                                Jenna Dakroub
                                                                Attorney for Plaintiff