**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| ETHAN GEORGE HANSON,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 1:23-cv-04564-MHC-CMS |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION
TO PLAINTIFF'S MOTION TO EXCLUDE THE DECLARATION OF
DAN SMITH FILED IN SUPPORT OF EXPERIAN'S
MOTION TO COMPEL ARBITRATION**

Plaintiff moves to strike the Declaration of Dan Smith, but fails to cite a procedural rule permitting the striking of an affidavit. As most courts in this District have recognized, the "proper method for challenging the admissibility of evidence in an affidavit is to file a notice of objection to the challenged testimony, not a motion to strike." *Jordan v. Cobb Cnty.*, Ga., 227 F. Supp. 2d 1322, 1346 (N.D. Ga. 2001); *Hawk v. Atlanta Peach Movers, Inc.*, No. 1:10-cv-239, 2011 WL 1533024, at *1-*2 (N.D. Ga. Apr. 21, 2011). This is so because an affidavit is not a "pleading" within the meaning of Rule 12(f). *Hawk*, 2011 WL 1533024, at *1.[1]

Regardless, in his opposition to EIS's motion to compel arbitration, Plaintiff spends the bulk of his brief interposing objections to Mr. Smith's declaration. Indeed, Plaintiff's motion to strike merely recites—verbatim—the very same objections to Mr. Smith's declaration that Plaintiff asserts in her opposition to EIS's motion to compel arbitration. In its reply brief, EIS addressed each of those objections, and demonstrated why they are unmeritorious. That response is incorporated herein by reference and, for purposes of conserving resources, EIS will not repeat that discussion here.[2]

---

[1] *But see Robinson v. City of Atlanta*, 1:10-cv-02036-AT-AJB, 2012 WL 12836657, at *3 (N.D. Ga. July 27, 2012).

[2] To the extent that Plaintiff is using a motion to strike as a procedural vehicle to file an unauthorized sur-reply on EIS's motion to compel arbitration, EIS requests that the Court disregard such pleading if Plaintiff proceeds down that path.

1

In all events, the motion to strike is procedurally improper, and it should be denied. Instead, just as in *Hawk*, the Court should treat Plaintiff's motion to strike as a "notice of objection" and, for the reasons set forth in EIS's reply brief, the Court should overrule those objections and grant EIS's motion.

| | |
|---|---|
| Dated: January 17, 2024 | Respectfully submitted, |

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794
JONES DAY
1221 Peachtree Street N.E., Suite 400
Atlanta, Georgia 30361
Phone: (404) 581-8023
Email: gschnell@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1C of the Northern District of Georgia, using 14-point Times New Roman font, as approved by the Court.

Dated: January 17, 2024

                                         */s/ Grant Edward Lavelle Schnell*
                                         Grant Edward Lavelle Schnell
                                         Georgia Bar No. 106794

                                         *Attorney for Defendant*
                                         *Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell

*Attorney for Defendant*
*Experian Information Solutions, Inc.*